

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN V. CAPPUCCIO          :     CIVIL ACTION
                            :
v.                          :     No.: 07-4627
                            :
PRIME CAPITAL FUNDING, LLC, et al.  :



FILED
SEP 25 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### Official Verdict Slip: Countrywide

### Truth in Lending Act (TILA)

1. Do you find by the preponderance of the evidence that Countrywide provided Ms. Cappuccio with two copies of the Notice of Right to Cancel on November 3, 2006, the date of the loan closing?

    Answer: __X__ Yes          _____ No

    [If the answer to question 1 is yes, please STOP, you are finished with the TILA section]

2. Do you find by the preponderance of the evidence that Countrywide provided Ms. Cappuccio with two copies of the Notice of Right to Cancel after November 3, 2006, the date of the loan closing?

    Answer: _____ Yes          _____ No

    [If the answer to question 2 is yes, please continue to question 3. If the answer to question 2 is no, please continue to question 4.]

3. If you find by the preponderance of the evidence that Countrywide provided Ms. Cappuccio with two copies of the Notice of Right to Cancel after November 3, 2006, do you find by a preponderance of the evidence that the Notices would have clearly and conspicuously informed a reasonable consumer of his or her right to cancel the loans?

    Answer: _____ Yes          _____ No

    [If the answer to question 3 is yes, please STOP, you are finished with the TILA section]

4. We award statutory damages, that may range between $200 and $2,000, in the amount of $_____ against Countrywide.

5. We award actual damages against Countrywide in the amount of $_____.

**Unfair Trade Practices and Consumer Protection Law**

1. Do you find by a preponderance of the evidence that Countrywide committed a fraudulent misrepresentation or omission or engaged in deceptive conduct toward Ms. Cappuccio?

    Answer: __X__ Yes      _____ No

[If the answer is yes, please continue to question 2. If the answer is no, please skip question 2 and continue to question 3]

2. Do you find by clear and convincing evidence that Countrywide committed a fraudulent misrepresentation or omission or engaged in deceptive conduct toward Ms. Cappuccio?

    Answer: __X__ Yes      _____ No

[Please continue to question 3]

3. Do you find by a preponderance of the evidence that Countrywide advertised goods and services to Ms. Cappuccio without intending to sell them as advertised?

    Answer: _____ Yes      __X__ No

[If the answers to questions 1, 2, and 3 is NO, please STOP, you are finished with the Unfair Trade Practices and Consumer Protection Law section]

4. If you answered yes to any of questions 1, 2, or 3, do you find that Ms. Cappuccio justifiably relied on Countrywide's conduct?

    Answer: __X__ Yes      _____ No

[If the answer to question 4 is NO, please STOP, you are finished with the Unfair Trade Practices and Consumer Protection Law section]

5. What is the amount of actual damages Ms. Cappuccio suffered as a result of her justifiable reliance on Countrywide's false advertising, fraudulent misrepresentation or omission or deceptive conduct? $ 50,000.

**Equal Credit Opportunity Act (ECOA)**

1. Do you find by a preponderance of the evidence that Ms. Cappuccio submitted a completed loan application seeking different loan terms than those she actually received to Countrywide more than 30 days prior to November 3, 2006 (October 3, 2006 or earlier)?

2

Answer: __X__ Yes   _____ No

[If the answer is NO, please STOP, you are finished with the ECOA section]

2. If so, do you find by a preponderance of the evidence that Countrywide Bank did not provide Ms. Cappuccio with a notice of adverse action or counteroffer in response to the completed loan application referenced in question 1 she filed with it?

Answer: __X__ Yes   _____ No

[If the answer is NO, please STOP, you are finished with the ECOA section]

3. What is the amount of actual damages Ms. Cappuccio suffered as a result of Countrywide's failure to provide her with the required notice of adverse action or counteroffer?

$ _40,000_

4. You may, but need not, also award up to $10,000 in punitive damages.

We award $ _10,000_ .

_____
Presiding Juror

_9-25-08_
Date

3